SPEARMAN, APPELLEE, *v.* MEYERS, APPELLANT.

(No. 710—Decided June 26, 1968.)

**10**

Mr. *Paul D. Beach* and Mr. *Richard J. Rinebolt,* for appellee.

Mr. *Garver Oxley, Messrs. Finn, Manahan & Pietrykowski* and Mr. *H. William Bamman,* for appellant.

COLE, J. This is an action in negligence. The verdict of the jury awarded to the plaintiff damages in the amount of $10,208 against the defendant.

Subsequently, the defendant filed a motion for a new trial upon which several hearings were held. In the order of November 20, 1967, the court explicitly repeated a finding made at a previous hearing but not then journalized that the amount of the verdict rendered by the jury was excessive but not due to passion or prejudice and further that a verdict in the amount of $8,208 was not against the weight of the evidence or contrary to law.

The court then ordered a remittitur but with special condition attached. In essence, if the plaintiff consented to a judgment of $8,208 and the defendant paid the judgment in 10 days, then judgment was reduced to the lesser amount. If plaintiff so consented and the defendant did not pay in the time specified, the motion for new trial was overruled and the judgment of $10,208 was permitted to stand. If the plaintiff did not consent to the remittitur with these conditions, then the court stated its intention of setting aside the judgment and granting the motion for new trial.

Plaintiff filed consent conditional upon payment, such consent actually having been filed prior to the journal entry of November 20, 1967, ordering a remittitur. Although the condition placed in the consent and the timeliness of its filing might raise issues as to the sufficiency of the consent, on the view we take of this appeal it is not necessary to, and we do not, decide these issues, and for the purposes of this appeal we will assume the consent to be sufficient.

From the judgment and from the order of November 20, 1967, the defendant appealed on questions of law. It

should be noted, however, that the trial court made no order subsequent to November 20, 1967, to reflect any failure of the defendant to pay the reduced amount within ten days, and that the only actual money judgment to which this appeal can refer is to that entered on May 3, 1967, pursuant to the jury's original verdict. His assignments of error in one way or another dealt with the issue of damage, and assignment of error No. 10 specifically raises the question as to the validity of the order of remittitur summarized above. To this assignment of error we first direct our attention.

It has long been held that a trial court may on a motion for new trial under certain conditions order a remittitur of the amount of the verdict. When the verdict is excessive and the result of passion and prejudice, under Section 2321.17, Revised Code, there is no alternative. A new trial must be granted. Judicially this is supported by the theory that a verdict induced by passion and prejudice is not a verdict and, hence, there is nothing to reduce. However, where the court is of the opinion that the verdict is excessive but not due to the effect of passion and prejudice, determination is made under Section 2321.17 (F), Revised Code, that the judgment is not sustained by the evidence. In the case of unliquidated claims it has long been held that the trial court finding the verdict excessive, but not due to passion or prejudice, may, with the consent of the plaintiff, remit a portion of the verdict and, as an alternative to a new trial, enter judgment in the lesser amount. *Thompson* v. *Titus,* 169 Ohio St. 203; *Larrissey, Admx.,* v. *Norwalk Truck Lines, Inc.,* 155 Ohio St. 207.

The alternatives presented by this type of action on the part of the trial court in the standard case of remittitur are important to note:

a. If the plaintiff does not consent, then the error of the excessive verdict is not cured. The case must be retried, and a new trial is granted.

b. If the plaintiff does consent to the reduction in the judgment from the original verdict, this, in the opinion of the trial court, removes the error of excessiveness, and the

judgment rendered is one, in the opinion of the trial court, sustained by the evidence.

In the present case an entirely different set of alternatives is presented by the court's order of November 20, 1967, in effect overruling the motion for a new trial unless the reduced amount is paid by the defendant in 10 days.

a. If the plaintiff does not consent, the error is not cured, and a new trial is ordered. This is the standard option.

b. If the plaintiff does consent, then two further alternatives come into being:

1. If the defendant pays the reduced judgment in 10 days, then the verdict is reduced, the judgment entered in the lesser amount, and the case is over. The defendant has no further right of appeal.

2. If the defendant does not pay the reduced amount, the judgment as originally rendered—which was found to be excessive by the trial court—is permitted to stand, i. e., the error is not cured, and judgment is rendered by the trial court in an amount admittedly against the weight of the evidence.

This set of alternatives results in a situation which places in jeopardy the defendant's right of appeal. If he pays the reduced amount, he loses his right of appeal. If he does not, he *must* appeal or else pay a judgment which in the opinion of the trial court is excessive. A penalty is therefore created—that part of the judgment which the trial court deemed excessive—and levied against the defendant unless he forego his right of appeal. This, we believe, results in an injustice and is a set of alternatives not supported by any Ohio authority.

In reviewing the case law in other jurisdictions, we have been able to find only two cases where the amount of the original verdict became the alternative to payment of a lesser amount.

In *Ford Hospital* v. *Fidelity & Casualty Co. of N. Y.*, 106 Neb. 311, 183 N. W. 656, the trial court ordered a remittitur on a $5,500 judgment of $2,000, apparently, if paid. It was not paid; the consent was not filed; and the court left the original judgment on the verdict of $5,500

stand. This was not paid by the defendant's insurance company which the defendant then sued, and the decision is in this second suit. Since the action of the trial court in the original action had not been appealed, the court rightly held the judgment of the original amount was absolute. In short, the validity of the first court's procedure in the action between the insured and insurer was not in issue.

In the second case, *Castner* v. *Wright*, 256 Iowa 638, 128 N. W. 2d 885, the court had before it a special rule apparently statutory in nature, which provided for the reinstatement of the original verdict on an appeal. It, therefore, has no bearing on the question at hand.

Plaintiff argues that the standard option of remittitur places on him an unfair burden. If he consents to the remittitur in lieu of a new trial and the defendant appeals anyway, he must then defend a lesser amount than his hard won verdict. If he does not, he is faced with a new trial and all the difficulties inherent therein.

However, this overlooks a most salient point. The judge has found his hard won verdict to be excessive and against the weight of the evidence. Such a judgment cannot in the face of such a finding by the trial court, and from which he took no cross appeal, be a judgment which could be sustained on appeal. He is asking that an error be perpetuated as a lever to force payment of what the trial court considers a proper judgment. This is not the function of the trial; rather the judgment resulting is to be the just adjudication of the rights of the parties and, as a result, untainted by prejudicial error. The remittitur which is a device by which the trial court seeks to eliminate error found in an excessive verdict cannot become a device to use error to enforce payment. If the error cannot be eliminated by the agreement of the plaintiff to the remittitur, then the judgment cannot be sustained, and the sole alternative is a new trial. It must be remembered that the defendant in an action where the verdict is inadequate and against the weight of the evidence may be faced in a proper case with the same choice where an additur is ordered as an alternative to a new trial by the trial court.

We, therefore, conclude that the action of the trial

court in making a remittitur conditioned upon payment by the defendant as an alternative to judgment in the original amount of the verdict results in either a loss by the defendant of his right to appeal or the burden of paying or appealing from a judgment which the trial court has explicitly found to be against the weight of the evidence and excessive.

The opinion of the trial court was that the verdict was excessive. We see no reason to further examine the record in the light of this finding. Such a finding is of itself ground for a new trial, the remittitur resulting in judgment for the original amount being in error. Ground for a new trial existing by virtue of the original finding of the trial court, this court has no alternative but to order the case remanded to the Court of Common Pleas for a new trial on the merits.

*Judgment reversed.*

GUERNSEY, P. J., and YOUNGER, J., concur.