O'NEIL, APPELLEE, *v.* WALBURG, APPELLANT.

(No. 80AP-106—Decided August 14, 1980.)

*Mr. Michael R. Wintering,* for appellee.

*Messrs. Lyman, Varnado & Brooks* and *Mr. Webster S. Lyman,* for appellant.

WHITESIDE, J. Defendant-appellant, Robert L. Walburg, appeals from a judgment of the Franklin County Municipal Court and raises three assignments of error, as follows:

"1. The trial court erred in awarding nominal damages to plaintiff for loss of use of boat.

"2. The trial court erred in assessing punitive damages against defendant.

"3. The trial court erred in granting to plaintiff attorney fees as damages."

Plaintiff-appellee, William O'Neil, brought this action to recover an air conditioner, a motorboat hatch and a set of boat decks, which had been in the possession of his son while a tenant of defendant and left at the rented premises at the termination of said tenancy, and which defendant had refused to return to plaintiff. In addition, plaintiff sought compensatory damages for loss of use and damages to the property, together with punitive damages.

The trial court found for plaintiff with respect to the motorboat hatch and boat decks and ordered defendant to return same to plaintiff, but found insufficient evidence to establish any right of plaintiff to the air conditioner. The trial

court awarded nominal damages of one dollar for loss of use of the boat hatch and boat decks, finding insufficient evidence to prove any amount of actual damages. In addition, the trial court awarded punitive damages and attorney's fees, purportedly pursuant to R. C. 5321.15. The trial court made the following pertinent Findings of Fact:

"1. From a period of time beginning December 1976, up to the time of the filing of the complaint and the time of trial, the Defendant has been in possession of personal property of the Plaintiff, to wit motorboat decks and hatch, said property being stored at 3334 Race Street, Columbus, Ohio, owned by the Defendant.

"2. The property was bailed to the Plaintiff's son, who rented a portion of 3334 Race Street from the Defendant as his residence.

"3. The Defendant was the owner of said premises and the son of the Plaintiff, William Michael O'Neil, was his tenant.

"4. William Michael O'Neil moved from 3334 Race Street in December 1976 and left the motorboat hatch and decks.

"5. Subsequent to the vacation of the premises by Plaintiff's son on or about November, 1976, Defendant was informed by Plaintiff's son as to the ownership of the boat decks.

"6. Plaintiff and Defendant spoke by telephone during December and January, 1976 and 1977 respectively, whereupon Plaintiff demanded the return of the personal property.

"7. The Defendant refused to give the property to Plaintiff claiming that he was holding it in order to get delinquent rent from William Michael O'Neil."

There is an obvious inconsistency between Findings of Fact Nos. 4 and 5 in that plaintiff's son did not leave the premises until December 1976; further, plaintiff's son testified that he told defendant that the boat hatch and decks belonged to his father in November 1976, not after his vacation of the premises. Plaintiff's son's testimony was to the effect that he had told defendant that the boat hatch and decks belonged to his father, prior to the time that he took them to the defendant's premises to work on. In fact, plaintiff's son's testimony was to the effect that he had not talked with defendant since sometime before vacating the premises, although he had talked by telephone with defendant's wife.

Defendant first contends that the trial court erred in awarding nominal damages for loss of use of the boat hatch and decks. We find no prejudicial error. As found by the trial court, plaintiff's son left the boat hatch and decks at the rented premises when he vacated same. Plaintiff, on several occasions, requested return of the property; but, defendant refused because plaintiff's son owed defendant back rent. Defendant had no right to retain the boat hatch and decks. Even assuming that defendant was uncertain as to whether plaintiff or plaintiff's son was the true owner of the boat hatch and decks, defendant had an obligation to return the property or at least to permit plaintiff's son to recover possession thereof. Clearly, the amount of compensation, nominal damages, is not excessive. The failure to prove the amount of damages does not preclude the recovery of nominal damages where the fact of damage has been proved. The first assignment of error is not well taken.

By the second assignment of error, defendant contends that the trial court erred in awarding punitive damages. The trial court purported to award such damages in accordance with R. C. 5321.15, which reads, in pertinent part, as follows:

" (B) No landlord of residential premises shall seize the furnishings or possessions of a tenant, or of a tenant whose right to possession has terminated, for the purpose of recovering rent payments, other than in accordance with an order issued by a court of competent jurisdiction.

" (C) A landlord who violates this section is liable in a civil action for all damages caused to a tenant, or to a tenant whose right to possession has terminated, together with reasonable attorneys fees."

Since plaintiff was never a tenant of defendant, R. C. 5321.15 has no application. Even if applicable , however, R. C. 5321.15(C) does not provide for the recovery of punitive damages but, rather, allows only recovery of " * * * all damages caused [by a violation of R. C. 5321.15] * * * to a tenant whose right to possession has terminated * * *."

Although there was some evidence that an employee of defendant seized the property, the trial court made no such finding but, instead, found only that plaintiff's son left the boat hatch and decks on the rented premises when he vacated same. There was, however, evidence that defendant told plain-

tiff that he (defendant) would not return the property unless plaintiff's son paid the back rent which he owed defendant. However, there is no evidence that defendant, at any time, made such a demand directly to plaintiff's son, nor even that plaintiff's son was aware of any such demand.

As indicated, R. C. 5321.15(C) does not provide for the recovery of punitive damages, but, rather, only compensatory damages. In addition, R. C. 5321.15 applies only to tenants and permits a tenant to recover damages caused to him by a violation of the statute. Had plaintiff's son brought the action, there might have been some question as to the applicability of R. C. 5321.15. However, plaintiff brought the action; and, the section does not apply since plaintiff never was a tenant of defendant.

In addition, there is no evidence and no finding of any other basis, such as actual malice, for the award of punitive damages. See *Logsdon* v. *Graham Ford Co.* (1978), 54 Ohio St. 2d 336, and *Columbus Finance* v. *Howard* (1975), 42 Ohio St. 2d 178. Accordingly, the trial court erred in awarding punitive damages, and the second assignment of error is well taken.

By the third assignment of error, defendant contends that the trial court erred in granting plaintiff attorney's fees as damages. R. C. 5321.15(C) does permit a tenant to recover attorney's fees in addition to damages caused to such tenant by the landlord's violation of R. C. 5321.15, including the seizure of property of the tenant for the purpose of recovering rent payments, unless pursuant to an order of the court. As noted previously, plaintiff is not entitled to the benefits of R. C. 5321.15 since he was not a tenant of defendant. No landlord-tenant relationship ever existed between defendant and plaintiff. Accordingly, plaintiff has no greater right to attorney's fees than any other litigant seeking to recover property by replevin, and to recover damages for loss of use of property wrongfully retained. In the absence of a statutory provision, ordinarily, attorney's fees are not recoverable as damages in a civil action. See *Sorin* v. *Bd. of Edn.* (1976), 46 Ohio St. 2d 177.

Plaintiff sets forth no basis for the award of attorney's fees, other than in conjunction with punitive damages, and does not directly rely upon R. C. 5321.15, the basis upon which the trial court made the award. Rather, plaintiff contends that the trial court properly awarded both punitive damages and at-

torney's fees because of the trial court's Conclusion of Law No. 5. In that conclusion of law, the trial court stated "that defendant's action in seizing and detaining plaintiff's chattels" was "patently oppressive and a clear violation of Section 5321.15" since such action "was for the purpose of requiring plaintiff's son to perform an obligation or to punish by such seizure the nonperformance of an obligation." However, as we have noted previously, the only evidence as to enforcement of an obligation was plaintiff's testimony that when he called defendant, requesting the return of the boat hatch and decks, defendant stated that plaintiff's son owed defendant some back rent. Plaintiff also testified that he offered to give defendant the telephone number and address of his son if defendant would release the boat hatch and decks, and that defendant agreed, but later refused, stating his "attorney said not to let them go." Defendant, although denying that plaintiff ever offered to give his son's address to defendant, admitted that the reason he kept the property was because of back rent owed to him by plaintiff's son.

As indicated, there was no evidence and no finding by the trial court supporting an award of punitive damages. Since no other basis has been asserted for the recovery of attorney's fees, the trial court erred in awarding same since R. C. 5321.15 is not applicable. The third assignment of error is well taken.

For the foregoing reasons, the first assignment of error is overruled, and the second and third assignments of error are sustained. The judgment of the Franklin County Municipal Court is reversed insofar as it awards punitive damages and attorney's fees and affirmed in all other respects; and, this cause is remanded to that court for modification of the judgment in accordance with law consistent with this decision.

*Judgment accordingly.*

STRAUSBAUGH, P. J., and COOK, J., concur.

COOK, J., of the Eleventh Appellate District, sitting by designation in the Tenth Appellate District.