LASTER ET AL., APPELLEE, *v.* BOWMAN, APPELLANT.

380

Mr. John A. Howard, for appellee.
Mr. Richard Gurbst and Mr. Peter Iskin, for appellant.

KRENZLER, J. Plaintiff-appellee Calvin Laster, hereinafter referred to as the appellee, filed a forcible entry and detainer action on August 19, 1975, in the Cleveland Municipal Court against the defendant-appellant, Reola Bowman, hereinafter referred to as the appellant. The purpose of the action was to evict the appellant from certain premises at 1105 East 114th Street, Cleveland, Ohio, for non-payment of rent. The appellant subsequently filed a poverty affidavit, a demand for a jury trial, and a timely answer which asserted four defenses which are not relevant to the issues on appeal and four counterclaims summarized here.

In her first counterclaim, the appellant alleged the following: that during the period of her tenancy she repeatedly notified the appellee of housing code violations, including the lack of heat; that she complained to the Housing Authority of the city of Cleveland and other governmental agencies of housing code violations at the premises; that the appellee brought the action for possession in retaliation for the appellant's complaints to governmental agencies and to the appellee concerning housing code violations on the premises; that the appellee's retaliation by bringing the action for possession is in violation of R. C. 5321.02, and that by virtue of the appellee's actions in violation of R. C. 5321.02 the appellant has been damaged in the amount of $600.

In her second, third and fourth counterclaims, the appellant alleged the following: that during her tenancy

she repeatedly notified the appellee of housing code violations, including the lack of heat; that in the maintenance, operation, and renting of the premises the appellee, owner of the premises, is required to comply with the Housing Code of the city of Cleveland; that the premises were at all times during the tenancy of the appellant out of compliance with the housing code; that the appellee did not rectify the housing code violations, although the appellant continued to pay rent during the period of her tenancy; that the appellee's failure and refusal to remedy the conditions with due diligence in accordance with the housing code is a violation of the legal duty owed by the appellee to the appellant; that laws and regulations which exist at the time and making of a contract enter into and form a part of the contract as if they were expressly referred to and incorporated in its terms; that the laws and ordinances of the housing code of the city of Cleveland were in existence at the time of the making of this contract, and that appellee's breach of its obligation imposed by the city of Cleveland is a breach of contract as well as a breach of warranty of habitability, obviating the appellant's obligations to pay rent.

In her second counterclaim, the appellant stated that by virtue of the breach of contract by the appellee, the appellant is entitled to recover the rent paid during her tenancy in the amount of $4,125. In the third counterclaim, the appellant maintains that due to the failure of consideration, the appellee is unjustly enriched by the retention of the rent money paid by the appellant during her period of tenancy. In her fourth counterclaim, the appellant further alleged that the rental of said premises in a condition violative of the ordinances of the city of Cleveland renders the contract illegal, unenforceable and void *ab initio* and that no benefit may inure to a party in a void contract. The appellant prayed for total damages in the amount of $4,725.

Prior to trial, the parties reached a settlement as to the appellee's claim for possession, and on September 17, 1975, the trial judge entered a judgment of guilty against the

appellant without prejudice to the counterclaims of the appellant which were to be tried at a future date.

Subsequently, on October 8, 1975, the appellee filed a motion to dismiss the appellant's counterclaims pursuant to Civil Rule 12(b)(6), which permits a pleading to be attacked on the ground that it fails to state a claim upon which relief can be granted. On December 5, 1975, the appellee's motion to dismiss the appellant's counterclaims was granted. The appellant filed a timely notice of appeal to this court and assigns two errors:

"The court below erred in granting plaintiffs-appellees' motion to dismiss defendant-appellant's first and second counterclaims by virtue of the fact that the allegations pleaded in said counterclaims state claims upon which relief can be granted pursuant to chapter 5321. O. R. C. (known as Ohio landlord-tenant law).

"The court below erred in granting plaintiffs-appellees' motion to dismiss defendant-appellant's second, third, and fourth counterclaims by virtue of the fact that said claims are recognized and supported by existing relevant case law."

The Ohio legislature adopted R. C. Chapter 5321, entitled "Landlords and Tenants," which became effective November 4, 1974. This new law, which establishes various rights and obligations between landlords and tenants in the state of Ohio, now governs the relationship between such parties with regard to rental agreements on residential premises and supersedes all prior Ohio law concerning the rights and obligations encompassed by the act. The new law also provides the exclusive remedies now available to landlords and tenants as to the rights and obligations contained in the Act. See *Bolles* v. *Toledo Trust Co.* (1944), 144 Ohio St. 195, 197, syl. 13. These rights, obligations and remedies encompassed by the statute become part of the rental agreement between a landlord and tenant.

The following is a summary of the relevant provisions of the new landlords and tenants statute.

## I. Obligations of Landlords and Tenants.

### A. *Obligations of Landlords.*

A landlord who is a party to a rental agreement of residential premises is now subject to certain specific obligations. These include complying with the requirements of all applicable building, housing, health and safety codes which materially affect health and safety; making all repairs and doing whatever is reasonably necessary to put and keep the premises in a fit and habitable condition; keeping all common areas in a safe and sanitary condition; maintaining in good and safe working order and condition all electrical, plumbing, sanitary, heating, ventilating, and air conditioning fixtures and appliances, and elevators, supplied or required to be supplied by him; and supplying running water, and reasonable amounts of hot water and heat at all times. Where there are four or more dwelling units in the same structure, the landlord must provide and maintain appropriate receptacles for the removal of ashes, garbage, rubbish, and other waste incidental to the occupancy of the dwelling unit and arrange for their removal. R. C. 5321.04.

A landlord also must not abuse his right of access to rented premises and except in emergencies he must give reasonable notice of his intent to enter and may enter only at reasonable times. R. C. 5321.04(A)(7)-(8).

A landlord may not retaliate against a tenant by increasing rent, decreasing services that are due the tenant, or bringing or threatening to bring an action for possession of the tenant's premises because the tenant has complained to a governmental agency of a violation of a building, housing, health, or safety code for a violation that materially affects health and safety, because the tenant has complained to the landlord of any violation of R. C. 5321.04 or because the tenant joined with other tenants for the purpose of negotiating or dealing collectively with the landlord on any of the terms and conditions of the rental agreement. R. C. 5321.02 (A)(1)-(3).

Further, landlords are prohibited from initiating any act, including termination of utilities or services, exclu-

sion from the premises, or threat of any unlawful act, against a tenant, or a tenant whose right to possession is terminated, for the purpose of recovering possession of residential premises, other than as provided in R. C. Chapters 1923, 5303 and 5321. R. C. 5321.15(A). A landlord of residential premises shall not seize the furnishings or possessions of a tenant, or of a tenant whose right to possession is terminated, for the purpose of recovering rent payments other than in accordance with a court order. R. C. 5321.15(B). Any landlord who violates R. C. 5321.15 is liable in a civil action for all damages caused to a tenant together with reasonable attorney's fees. R. C. 5321.15. (C).

B. *Obligations of Tenants.*

The new landlords and tenants law also places obligations upon the tenant. These include keeping the premises in a safe and sanitary condition; disposing of all rubbish, garbage, and other waste in a clean, safe, and sanitary manner; keeping all plumbing fixtures in the dwelling unit or used by the tenant as clean as their condition permits; using and operating all electrical and plumbing fixtures properly; complying with the requirements imposed on tenants by all applicable state and local housing, health, and safety codes; personally refraining and forbidding any other person who is on the premises with his permission from intentionally or negligently destroying, defacing, damaging or removing any fixture, appliance, or other part of the premises; maintaining in good working order and condition any range, refrigerator, washer, dryer, dishwasher, or other appliances supplied by the landlord and required to be maintained by the tenant under the terms and conditions of a written rental agreement; and conducting himself and requiring other persons on the premises with his consent to conduct themselves in a manner that will not disturb his neighbors' peaceful enjoyment of the premises. R. C. 5321.05(A)(1)-(8).

In addition, the tenant shall not unreasonably withhold consent for the landlord to enter into the dwelling unit in order to inspect the premises, make ordinary nec-

essary or agreed repairs, decorations, alterations, or improvements, deliver parcels which are too large for the tenant's mail facilities, supply necessary or agreed services, or exhibit the dwelling unit to prospective or actual purchasers, mortgagees, tenants, workmen, or contractors. R. C. 5321.05(B).

These duties and obligations imposed by the statute become a part of any rental agreement relating to residential premises. The statute also provides that a landlord and a tenant may include in a rental agreement any terms and conditions that are not inconsistent with or prohibited by R. C. Chapter 5321 or any other rule of law. R. C. 5321.06.

II. Remedies of Landlords and Tenants.

The new law specifically provides that in any action brought under R. C. Chapter 5321 any party may recover damages for the breach of contract or the breach of any duty that is imposed by law. R. C. 5321.12. Also see R. C. 5321.03(B).

A. *Remedies of Tenants.*

If a landlord acts in violation of R. C. 5321.02(A), the tenant may use this retaliatory action as a defense to an action by the landlord to recover possession of the premises or he may recover possession of the premises or terminate the rental agreement. In addition, the tenant may recover from the landlord any actual damages together with reasonable attorney's fees. R. C. 5321.02(B).

Where a landlord abuses his right of access to the premises, the tenant may recover actual damages resulting from the violation and obtain injunctive relief along with attorney's fees or he may terminate the agreement. R. C. 5321.04(B).

If a landlord does not fulfill any of the obligations that are imposed upon him under R. C. 5321.04 or by the rental agreement, or if the conditions of the premises are such that the tenant reasonably believes that the landlord has failed to fulfill any of these obligations, or if a governmental agency has found that the premises are not in compliance with the building, housing, health, or safety

codes which apply to any condition of the residential premises that could materially affect the health and safety of an occupant, the tenant may give notice in writing to the landlord specifying the acts, omissions or code violations which constitute non-compliance with such provisions. R. C. 5321.07(A).

If, after receipt of such notice, a landlord fails to remedy the condition within a reasonable time or within thirty days, whichever is sooner, and if the tenant is current in rent payments due under the rent agreement, the tenant has the option of doing one of the following: (1) depositing all rent that is due and thereafter becomes due the landlord with the clerk of the municipal court or county court having jurisdiction in the county in which the residential premises are located, (2) applying to the court for an order directing the landlord to remedy the condition and as part thereof depositing the rent with the clerk of courts and applying for an order reducing the periodic rent due the landlord until such time as the landlord does remedy the condition or applying for an order to use the deposited rent to remedy the condition, (3) terminating the rental agreement. R. C. 5321.07(B).

The remedies described in R. C. 5321.07(A), (B) do not apply to any landlord who is a party to any rental agreements which cover three or fewer dwelling units and who provides notice of such fact to the tenant at the time of initial occupancy by the tenant. R. C. 5321.07(C).

B. *Remedies of Landlords.*

The landlord is not without his remedy in the event that the rent is deposited with the clerk of courts. He may apply to the clerk of courts for release of these rents on any of the following grounds: that the condition has been remedied; that the tenant did not comply with the notice requirements of R. C. 5321.07(A); that the tenant was not current in rent payments; or that there was no violation of any obligation imposed on him by R. C. 5321.-04 or by a rental agreement or by any building, housing, health or safety code. R. C. 5321.09(A).

If a landlord applies for the release of deposits, the

tenant shall have a right to file an answer and a counterclaim as in other civil actions and a trial shall be held within sixty days of the date of filing the landlord's complaint. R. C. 5321.09(B).

If the court finds that there was no violation of any obligation imposed upon the landlord by R. C. 5321.04, or by the rental agreement or by any building, housing, health or safety code, or that the condition complained of has been remedied or that the tenant did not comply with the notice requirements or that the tenant was not current in rent payments at the time he initiated rent deposits with the clerk of courts, the court shall order the release to the landlord of the rent on deposit with the clerk of courts less costs. R. C. 5321.09(C).

If the court finds that the condition contained in the notice was the result of an act or omission of the tenant, or that the tenant intentionally acted in bad faith in proceeding under R. C. 5321.07, the tenant shall be liable for damages, caused to the landlord, and for costs, together with reasonable attorney's fees if the tenant intentionally acted in bad faith. R. C. 5321.09(D).

If the landlord brings an action for the release of rent deposited with the clerk of courts, the court may during the pendency of the action upon application of the landlord release part of the rent on deposit for the payment of periodic interest on a mortgage on the premises, the periodic principal payments on a mortgage on the premises, insurance premiums, real estate taxes, utility services, repairs and other customary and usual costs of operating the premises as a rental unit. R. C. 5321.10.

If the tenant violates any provision relating to his obligations under R. C. 5321.05, the landlord may recover any actual damages which resulted from the violation together with reasonable attorney's fees. This remedy is in addition to any right of the landlord to terminate the rental agreement, to maintain an action for the possession of the premises, or injunctive relief to compel access under R. C. 5321.05(B). R. C. 5321.05(C).

If the tenant fails to fulfill any of the obligations im-

posed upon him by R. C. 5321.05 that materially affect health and safety, the landlord may deliver a written notice of this fact to the tenant, specifying the act and omission that constitutes noncompliance with such provisions and that the rental agreement will terminate upon a date specified therein, which may not be less than thirty days after receipt of the notice. If the tenant fails to remedy the condition contained in the notice, the rental agreement shall terminate as provided in the notice. R. C. 5321.11.

Notwithstanding the prohibition against retaliatory action by a landlord contained in R. C. 5321.02, a landlord may bring an action under R. C. Chapter 1923 for possession of the premises if the tenant is in default of the payment of rent; if the violation of the applicable building, housing, health, or safety code that the tenant complained of was primarily caused by an act or lack of reasonable care by the tenant, or by any other person in the tenant's household or by anyone on the premises with the consent of the tenant; if compliance with the applicable building, housing, health or safety code would require alteration, remodeling, or demolition of the premises which would effectively deprive the tenant of the use of the dwelling unit; or if a tenant is holding over his term. R. C. 5321.03 (A).

The maintenance of an action by the landlord authorized by R. C. 5321.03(A) does not prevent the tenant from recovering damages for any violation by the landlord of the rental agreement or of his obligations under R. C. 5321.04. R. C. 5321.03(B).

III. Miscellaneous and General Provisions.

The new law specifically bars certain terms from rental agreements covered by the act. These prohibited terms include the following: any term modifying or waiving any provision of R. C. Chapter 5321 except that the landlord may agree to assume responsibilities for fulfilling any duty or obligation imposed on a tenant by R. C. 5321.05; any term providing for a warrant of attorney to confess judgment for the recovery of rent or damages to the prem-

ises; any agreement to pay the landlord's or tenant's attorney's fees and any agreement by a tenant to the exculpation or limitation of any liability of the landlord arising under law or to indemnify the landlord for that liability or its related costs. R. C. 5321.13.

Further, if a court as a matter of law finds a rental agreement, or any clause in it, to have been unconscionable at the time it was made, it may refuse to enforce the rental agreement in whole or in part. R. C. 5321.14.

The act also includes various other provisions such as procedures regarding security deposits, R. C. 5321.06; notice requirements for termination of periodic tenancies, R. C. 5321.17; and the required contents of every rental agreement, R. C. 5321.18.

In her first assignment of error, the appellant maintains that the trial court erred in dismissing her first and second counterclaims because the allegations contained in those counterclaims stated claims upon which relief could be granted pursuant to R. C. Chapter 5321. The first counterclaim was for damages in the amount of $600 allegedly sustained by the appellant as a result of the appellee's action for possession of the premises in retaliation for the appellant's complaints to various governmental agencies and to the appellant regarding housing code violations existing in the premises. In her second counterclaim the appellant prayed for damages in the amount of $4,725 representing all rental money paid during the period of her tenancy on the ground that by failing to comply with the housing code regulations of the city of Cleveland the appellee breached the rental agreement between the parties and breached the warranty of habitability implied in every rental agreement.

In her second assignment of error the appellant maintains that the trial court erred in dismissing her second, third and fourth counterclaims because the allegations contained in those counterclaims stated claims upon which relief could be granted under existing Ohio case law. The third and fourth counterclaims requested damages in the amount of all rent money previously paid

on the ground of unjust enrichment for failure of consideration and upon the theory of the illegality of the rental agreement.

To determine the questions raised by these assignments of error, we must first look to the law regarding review of motions to dismiss claims under Civil Rule 12(B) (6).

The Supreme Court of Ohio has stated that the test for determining whether to dismiss a complaint for failure to state a claim is the following:

"'In appraising the sufficiency of the complaint we follow, of course, the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *O'Brien* v. *University Community Tenants Union* (1975), 42 Ohio St. 2d 242, 245, quoting from *Conley* v. *Gibson* (1957), 355 U. S. 41, 45. See *Kodish* v. *Board* (1975), 45 Ohio App. 2d 147; *Slife* v. *Kundtz Properties* (1974), 40 Ohio App. 2d 179.

Under Civil Rule 8 all that is required to establish a claim is "a short and plain statement of the claim showing that the pleader is entitled to relief, and * * * a demand for judgment for the relief to which he deems himself entitled." Civil R. 8(A). It is clear that under the liberal requirements of the civil rules few complaints are properly subject to dismissal for failure to state a claim. Where the complaint states any facts which if proven would entitle the pleader to relief as a matter of law the motion to dismiss should be denied.

We conclude that the first assignment of error is well taken. Under the provisions of R. C. 5321.02, a tenant may recover from the landlord any actual damages together with reasonable attorney's fees for any action by a landlord to regain possession of the premises in retaliation for the tenant's complaints to a governmental agency or to the landlord regarding a violation of a building, housing, health, or safety code that is applicable to the premises and the violation materially affects health and safety. R. C. 5321.02; R. C. 5321.03(B).

In addition, under R. C. 5321.12 a tenant may recover damages for the breach of any duty imposed by contract or by law. As noted previously among the duties imposed by R. C. 5321.04 are that a landlord comply with the requirements of all applicable building, housing, health, and safety codes which materially affect health and safety, R. C. 5321.04(A)(1), and that he maintain in good and safe working order and condition all electrical, plumbing, sanitary, heating, ventilating, and air conditioning fixtures and appliances supplied or required to be supplied by him. R. C. 5321.04(A)(4).

Further, R. C. 1923.061, of the forcible entry and detainer statute, provides that in an action for possession of residential premises based upon the nonpayment of the rent or in an action for rent, a tenant may counterclaim for any amount he may recover under the rental agreement or under R. C. Chapter 5321.

We have carefully reviewed the allegations and the demands made in the first two counterclaims and conclude that the appellant has stated claims upon which relief can be granted pursuant to R. C. Chapter 5321 if the allegations as to the appellee's acts and as to the damages sustained by the appellant are proved upon trial. R. C. 5321.02; R. C. 5321.03(B); R. C. 5321.12.

The appellant can recover under the first counterclaim pursuant to R. C. 5321.02 for actual damages suffered together with reasonable attorney's fees if she proves that the appellee brought the action for eviction in retaliation against the appellant for having complained regarding violations of the housing code or other obligations imposed upon the appellee under R. C. 5321.04.

Under the second counterclaim, the appellant's right to a recovery under R. C. 5321.04 and R. C. 5321.12 and the amount of damages to which she is entitled depends upon the extent and duration of the violations of the housing code or other statutory obligations of the appellee.

While the actual right to recovery and the amount of damages to which the appellant is entitled depend upon the proof at trial, the appellant clearly states facts in the

first and second counterclaims which if proven would entitle her to relief under R. C. Chapter 5321. Therefore, the first assignment of error is well taken.

The second assignment of error is not well taken as to the third and fourth counterclaims. The cases relied upon by the appellant in support of this assignment of error* were decided prior to the enactment of R. C. Chapter 5321. As we indicated previously the new landlords and tenants act supersedes prior case law with regard to the matters covered by the act. Therefore, the exclusive remedies available to the appellant are those contained in R. C. Chapter 5321. Any recovery of rent money to which the appellant might be entitled under the allegations set forth in the second, third and fourth counterclaims must be pursuant to R. C. 5321.12 or other relevant sections of R. C. Chapter 5321.

There are no provisions in the act for recovery upon the theories set forth in the third and fourth counterclaims. Therefore, the trial court did not err in dismissing the third and fourth counterclaims.

As noted in our discussion of the first assignment of error the second counterclaim states a claim upon which relief can be granted pursuant to R. C. 5321.12. The second assignment of error is overruled as to the third and fourth counterclaims.

The judgment is reversed and this cause is remanded to the Cleveland Municipal Court for further proceedings consistent with this opinion.

*Judgment reversed.*

PARRINO, P. J., and PRYATEL, J., concur.

*Wymer* v. *Kimbrough,* unreported, Court of Appeals for Franklin County No. 74 AP-547; *Glyco* v. *Schultz* (1972), 289 N. E. 2d 919; *Label & Co.* v. *Brooks,* unreported, Cleveland Municipal Court No. 89207, No. 89208, August 16, 1974; *Smith* v. *Lewis,* unreported, Cleveland Municipal Court, Nos. 93544-47.