KUEBER ET AL., APPELLANTS, *v.* HAAS ET AL., APPELLEES.

(No. C-870453—Decided April 6, 1988.)

*Millikin & Fitton* and *Michael A. Fulton,* for appellants.

*Benjamin, Sack, Yocum & Heather, Timothy P. Heather* and *Michael J. Bergmann,* for appellees.

DOAN, J. Plaintiffs-appellants, Paul Frederick Kueber, Jr., a minor, and his father ("Kueber"), filed this negligence suit against defendants-appellees, Jeffrey E. and Pamela P. Haas (the "Haases"). Kueber rented a house from the Haases in July 1985,

and he and his son moved in on July 3, 1985.

The house was located on a wooded lot of almost two acres. While a small area immediately surrounding the house had been cleared, the rest of the lot had been left in its natural, wooded condition. Between the Haas property and the property of their next-door neighbors, the Custers, there was a wooded area approximately sixty to eighty feet wide and three to four hundred feet long. This area had been intentionally left in a completely wild, pristine state by the Haases when they built their house.

On July 22, 1985, Kueber's son and the Custers' son, Keith, were walking from the Haas property to the Custer house. Rather than walking down the driveway to the street, and then up the Custers' driveway, the boys took the shortest distance between the two points by cutting through the wooded area. As they were walking through the woods, a dead tree fell and struck Kueber's son on the head. Bleeding from a head wound, the boy was rendered unconscious. Keith Custer ran to the Haas house, told Kueber what had happened and telephoned for an ambulance.

This incident resulted in Kueber's filing a complaint alleging that the Haases were negligent because they knew of several dead trees on the property and allowed an unreasonably dangerous condition to exist. Furthermore, Kueber contended that the Haases had assumed responsibility for the condition of all the trees on the property under a clause in his rental contract which prohibited Kueber from removing any of the trees on the property without the Haases' permission. Additionally, Kueber alleged that the Haases had failed to keep the premises in a fit and habitable condition pursuant to R.C. 5321.04(A)(2).

The Haases moved for summary judgment, claiming that they had no duty to warn Kueber of or to remove any dead trees in the wooded area. The court below granted summary judgment in favor of the Haases, stating that a landlord out of possession and control of the premises owes no duty to a tenant to remove a dead tree under either R.C. Chapter 5321 or the common law.

The sole question posed by this appeal is whether the Haases had a duty, either at common law, or by virtue of R.C. 5321.04(A)(2) or under the lease, to remove dead trees from the wooded area of the leased premises. We hold no duty existed, and we therefore affirm the judgment of the trial court.

We liken the existence of dead trees in a heavily wooded area to the natural accumulation of snow and ice. Natural accumulations of ice and snow are not chargeable to the owner of the premises, who did not create them. *LaCourse* v. *Fleitz* (1986), 28 Ohio St. 3d 209, 28 OBR 294, 503 N.E. 2d 159. Similarly, dead trees are a purely natural condition which occurs without any fault of the property owner. An accumulation of ice and snow is a "natural and unconcealed condition [and] is distinguishable from other conditions, such as a loose stair railing or open elevator shaft, which are often not obvious to the user." *Id.* at 211, 28 OBR at 296, 503 N.E. 2d at 161. Again, the same is true of dead trees in a natural, wooded environment.

The common law of Ohio has never recognized a duty on the part of landlords to clear naturally accumulated ice and snow from leased premises. This is because "[t]he dangers from natural accumulations of ice and snow are ordinarily so obvious and apparent that a landlord may reasonably expect that a tenant * * * will act to protect himself against them." *DeAmiches* v. *Popczun* (1973), 35 Ohio St. 2d 180, 64 O.O. 2d 106, 299 N.E. 2d 265, paragraph one of the syllabus. This is true for both commer-

cial and residential leases. See *LaCourse* v. *Fleitz, supra.* It is no less reasonable to expect a tenant to protect himself from dead trees in a natural, wooded area.

Kueber did not allege that the Haases' knowledge of the condition was greater than his own. The only allegation was that the Haases had constructive knowledge of this particular dead tree because they admitted they knew that there were some dead trees in the wooded area. Similarly, there is nothing to indicate that the dead tree was not obvious to anyone who happened to pass by it. Kueber's own expert stated the fact that the tree was dead would have been obvious to any lay person. Accordingly, we reject the contention that the Haases had any common-law duty to remove the dead tree.

We also reject Kueber's argument that R.C. 5321.04(A)(2) imposed any duty on the Haases to remove dead trees from the wooded area. That subdivision of the statute requires a landlord of residential premises to make all repairs and do whatever is reasonably necessary to put and keep the premises in a "fit and habitable condition." The term "residential premises" is defined by R.C. 5321.01 (C) as including "the grounds, areas, and facilities for the use of tenants generally * * *." We find that an area, as here, which is left completely in a wild and natural state is not an area for "the use of tenants." It is not intended for any use, save as a privacy screen from the outside world.

As Kueber points out in his brief, R.C. Chapter 5321 was intended to broaden the protection afforded to tenants under the common law, and the statute should be interpreted liberally to effectuate the legislative intent. See *Shroades* v. *Rental Homes, Inc.* (1981), 68 Ohio St. 2d 20, 22 O.O. 3d 152, 427 N.E. 2d 774. However, under the undisputed facts of this case the wooded area was not designed for the tenants' general use and, as with natural accumulations of ice and snow, there was no duty imposed under R.C. Chapter 5321 on the Haases to remove the dead trees from the area. See *LaCourse* v. *Fleitz, supra* (no duty exists on a landlord to remove natural accumulations of ice and snow under R.C. 5321.04[A][3]).

Finally, we reject the contention that the Haases assumed a duty to remove dead trees under the lease agreement. The cited provision of the lease merely requires the tenant to obtain permission from the Haases before removing trees from the property. This falls far short of any affirmative assumption of a duty by the Haases to remove dead trees.

The foregoing analysis demonstrates that the summary judgment in favor of the Haases was properly granted. When the evidence is construed most strongly in Kueber's favor, the record reveals that no genuine issues of material fact exist, and that the Haases were properly granted judgment as a matter of law. *Temple* v. *Wean United, Inc.* (1977), 50 Ohio St. 2d 317, 4 O.O. 3d 466, 364 N.E. 2d 267.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

BLACK, P.J, and KLUSMEIER, J., concur.