MEACHAM, Appellee,

v.

MILLER, Appellant.

[Cite as *Meacham v. Miller* (1992), 79 Ohio App.3d 35.]

Court of Appeals of Ohio,
Jackson County.

No. 661.

Decided March 26, 1992.

*Theodore Kern,* Ohio State Legal Services Association, for appellee.

*Claire M. Ball, Jr.,* for appellant.[1]

*Per Curiam.*

This is an appeal from a judgment entered by the Jackson County Common Pleas Court in favor of Mary Meacham, plaintiff below and appellee herein, and against Paul Miller, defendant below and appellant herein. The court awarded compensatory and punitive damages for violations of R.C. 5321.-04(A)(8) and 5321.15(A), and for claims of conversion, invasion of privacy, and trespass.

Appellant assigns the following errors:

### First Assignment of Error

"The trial court erred in awarding $2,500 for invasion of privacy and trespass and compensatory damages; and in awarding $2,500 for punitive damages for conversion, invasion of privacy and trespass."

### Second Assignment of Error

"The trial court erred by awarding $2,500 for attorney fees in this case."

A review of the record reveals the following facts pertinent to this appeal. On August 25, 1989, appellant and appellee entered into an oral month-to-month tenancy for an upstairs apartment in Jackson, Ohio. The agreement required appellee to pay a $75 security deposit and $325 rent each month. Appellee paid rent for the period from August 25, 1989 through February 24, 1990.

---

1. Different counsel represented appellant during the proceedings below.

On February 25, 1990, appellant received complaints about noise coming from appellee's apartment. Later that day, appellant met with appellee and gave her one week to vacate the apartment. Appellant refused to accept appellee's tender of rent and told her he would begin charging her $15 per day for each day she remained in the apartment.

On March 1, 1990, appellee discovered appellant had shut off her hot water and electricity. The appellant's actions resulted in appellee's loss of groceries valued at $70. That night, appellee stayed at a co-worker's home.

The next day, appellee returned to her apartment and found the locks had been changed. Appellee found a "keep out" sign and a note from appellant taped to the apartment door. Appellee contacted her attorney, who then called appellant to request that appellant allow appellee to return to the apartment. Appellant refused to permit appellee to return.

Later that same day, appellee and her parents met with an employee of appellant. Appellant's employee opened the apartment and permitted appellee to enter the premises. Upon entering the apartment, appellee found appellant had placed her belongings in boxes and moved them into the front room. Appellant refused to allow appellee to stay in the apartment over the next three days. Consequently, appellee had to find other accommodations. On one of the nights, appellee slept in a motel at a cost of $37.06.

On March 5, 1990, appellee filed a complaint against appellant in the Jackson County Municipal Court. The court held a hearing and issued a restraining order allowing appellee to return to the apartment. As a result of the hearing, appellee missed work and lost $43.45 in wages and tips. Appellee remained in the apartment until the first week in April.

On March 23, 1990, appellant filed an answer and a counterclaim. On April 13, 1990, appellee filed an amended complaint and a response to appellant's counterclaim. In the amended complaint, appellee alleged (1) a violation of R.C. 5321.04(B); (2) a violation of R.C. 5321.15(A); and (3) conversion, trespass, and invasion of privacy. Appellee requested both compensatory and punitive damages. The municipal court later certified the case to the Jackson County Common Pleas Court due to lack of subject-matter jurisdiction because the amount in controversy exceeded the monetary jurisdiction of the municipal court.

At trial, appellant admitted entering appellee's apartment on March 1 and March 2, 1990 without giving notice of his intent to enter. He also admitted his involvement in packing appellee's possessions, changing the apartment locks, and placing a keep-out sign on the apartment door. Appellant cited no emergency or other legitimate reason for his entry.

After hearing the evidence and arguments of counsel, the trial court found in favor of appellee and awarded her damages as follows: (1) $70 in compensatory damages for a violation of R.C. 5321.04(A)(8); (2) $80.51 in compensatory damages for a violation of R.C. 5321.15(A); (3) $1 in compensatory damages for conversion; (4) $2,500 in compensatory damages for invasion of privacy and trespass; (5) $2,500 in punitive damages for conversion, invasion of privacy, and trespass; and (6) $2,500 for attorney fees.

Appellant filed a timely notice of appeal.

## I

In his first assignment of error, appellant asserts the trial court erred by awarding appellee (1) $2,500 in compensatory damages for invasion of privacy and trespass; and (2) $2,500 in punitive damages for conversion, invasion of privacy, and trespass.

Appellant cites *Laster v. Bowman* (1977), 52 Ohio App.2d 379, 6 O.O.3d 428, 370 N.E.2d 767, for the proposition that R.C. Chapter 5321 (Landlord and Tenant Act) provides the exclusive remedies available to a tenant for any breach of a landlord's duties. Appellant further asserts the trial court's award of compensatory and punitive damages is excessive. In support of his argument, appellant maintains his actions did not constitute a continuing course of conduct.

Appellee contends the trial court's compensatory and punitive damages award is proper. She notes that in *Shroades v. Rental Homes* (1981), 68 Ohio St.2d 20, 22 O.O.3d 152, 427 N.E.2d 774, the court overruled *Laster, supra,* finding the R.C. Chapter 5321 remedies supplemental to remedies previously available to tenants.

R.C. Chapter 5321 imposes certain duties upon both landlords and tenants and creates certain remedies for breaches of lease agreements. Contrary to appellant's assertions, the statutory provisions do not constitute the exclusive remedies available to tenants. In *Shroades, supra,* the court held that the remedies available to tenants in R.C. Chapter 5321 are cumulative to those previously existing in tort law. The court found that the newer statutory remedies should act as preventative and supplemental measures to other legal remedies available for a landlord's breach of duty under the common law. See, also, *Thomas v. Hart Realty, Inc.* (1984), 17 Ohio App.3d 83, 17 OBR 145, 477 N.E.2d 668; *Kueber v. Haas* (1988), 47 Ohio App.3d 62, 546 N.E.2d 1351. Thus, in the case *sub judice,* appellee may recover damages under R.C. Chapter 5321, as well as for tort claims allowed under the common law.

A tenant may recover compensatory damages from a landlord when the landlord has injured the tenant and caused some loss to the tenant. *Strayer v. Lindeman* (1981), 68 Ohio St.2d 32, 22 O.O.3d 159, 427 N.E.2d 781; *Ingram v. Glaser* (Mar. 6, 1991), Montgomery App. No. CA 12235, unreported, 1991 WL 30227. A court will award nominal damages if a tenant cannot prove actual damages flowing from a landlord's unlawful behavior. *Woodrow v. McGuire* (June 28, 1989), Scioto App. No. 1740, unreported, 1989 WL 72799.

A landlord's invasion of a tenant's privacy may result in a court awarding damages. The court in *Housh v. Peth* (1956), 165 Ohio St. 35, 59 O.O. 60, 133 N.E.2d 340, held that an injured party may recover for an invasion of privacy if he can prove a wrongful intrusion into his private activities which would cause outrage, mental suffering, shame, or humiliation to a person of ordinary sensibilities.

Pursuant to R.C. 5321.15(C), a tenant may also recover all damages resulting from the shutoff of utilities or the lockout of the tenant. *Bynum v. Huffman* (Dec. 20, 1990), Cuyahoga App. No. 57730, unreported, 1990 WL 210225; *Colquett v. Byrd* (1979), 59 Ohio Misc. 45, 13 O.O.3d 220, 392 N.E.2d 1328. Additionally, a party may receive compensatory and punitive damages for conversion of his property. In order to receive damages for conversion, the injured party must prove the wrongful taking of his property by another, resulting in a loss of use and possession of the property.

An appellate court may not disturb a damages award unless it lacks support from any competent, credible evidence. *Baum v. Augenstein* (1983), 10 Ohio App.3d 106, 10 OBR 129, 460 N.E.2d 701; *Smullen v. Interfact Polygraphs Inc.* (Oct. 3, 1991), Cuyahoga App. No. 58722, unreported, 1991 WL 199495. If the acts complained of are wanton or otherwise aggravated, the court may award punitive damages. *Id.;* 18 Ohio Jurisprudence 3d (1980) 532, Conversion and Replevin, Section 61. A tenant may recover punitive damages if he can prove fraud, insult, or malice, in addition to actual damages resulting from a landlord's behavior. *Brookridge Party Center, Inc. v. Fisher Foods, Inc.* (1983), 12 Ohio App.3d 130, 12 OBR 451, 468 N.E.2d 63; *Allen v. Lee* (1987), 43 Ohio App.3d 31, 538 N.E.2d 1073. To prove malice, one must prove hatred, ill will, or revenge, or "a conscious disregard for the rights and safety of other persons that has a great probability of causing substantial harm." *Preston v. Murty* (1987), 32 Ohio St.3d 334, 336, 512 N.E.2d 1174, 1176; *Villella v. Waikem Motors, Inc.* (1989), 45 Ohio St.3d 36, 37, 543 N.E.2d 464, 466. The determination of the amount of punitive damages is within the discretion of the trier of fact as long as the award is not based upon passion and prejudice. *Saberton v. Greenwald* (1946), 146 Ohio St. 414, 32 O.O. 454,

66 N.E.2d 224; *Levin v. Nielsen* (1973), 37 Ohio App.2d 29, 66 O.O.2d 52, 306 N.E.2d 173.

██ After a review of the record, we conclude that the trial court's award of compensatory and punitive damages is supported by competent and credible evidence. Further, we find no evidence that passion or prejudice influenced the court's award of punitive damages. While we might have awarded a different amount of damages than the trial court awarded, we find no error with the trial court's decision. We will not substitute our judgment for that of the trial court.

Accordingly, based upon the foregoing reasons, appellant's first assignment of error is overruled.

## II

In his second assignment of error, appellant asserts the trial court improperly awarded appellee $2,500 for attorney fees. Appellant notes that although the trial court has discretion to determine the amount of attorney fees to award, the award must be based on the reasonable value of the legal services provided. Appellant further asserts appellee's counsel presented no evidence of his time expended on the case or of the value of his services.

Appellee argues R.C. Chapter 5321 allows a tenant to recover attorney fees when a landlord wrongfully enters a tenant's rental premises. Appellee contends the trial court properly awarded her attorney fees because sufficient evidence exists in the record detailing the amount of time appellee's attorney expended on the case.

Pursuant to R.C. 5321.04, a court may award attorney fees to a tenant. In *Drake v. Menczer* (1980), 67 Ohio App.2d 122, 123, 21 O.O.3d 429, 430, 425 N.E.2d 961, 962, the court discussed the concept of awarding attorney fees in landlord and tenant actions:

"R.C. 5321.02 is part of the Ohio Landlords and Tenants Act, R.C. Chapter 5321, which significantly changed both the substantive and procedural provisions of former Ohio law. See *Laster v. Bowman* (1977), 52 Ohio App.2d 379 [6 O.O.3d 428, 370 N.E.2d 767]. Included in the Act are provisions permitting the court to award attorneys' fees to a party who succeeds in vindicating a right protected by the Act. * * *

"The award of attorneys' fees serves two purposes. First, it acts as an additional sanction against a person who violates the more important provisions of the Act. Secondly, it serves as encouragement to the private bar to provide representation to tenants who normally could not afford to hire an attorney." (Footnotes omitted.)

The *Drake* court commented in fn. 1 that the act permits courts to award attorney fees to tenants for a landlord's retaliatory conduct (R.C. 5321.02), abuse of access (R.C. 5321.04), self-help evictions (R.C. 5321.15), and wrongful withholding of security deposits (R.C. 5321.16).

Before a court will award attorney fees, a tenant must first prove actual damages. *Iwenofu v. Consolidated Mgt., Inc.* (1988), 49 Ohio App.3d 33, 550 N.E.2d 505; *Thomas v. Papadelis* (1984), 16 Ohio App.3d 359, 16 OBR 413, 476 N.E.2d 726. Attorney-fee awards must be reasonable in light of the relevant Disciplinary Rule provisions. In *Drake, supra,* 67 Ohio App.2d at 125, 21 O.O.3d at 431, 425 N.E.2d at 963–964, the court found that when determining an award of attorney fees, a court should refer to DR 2–106(B) and consider:

" '(1) The time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly.

" '(2) The likelihood, if apparent to the client, that the acceptance * * * will preclude other employment by the lawyer.

" '(3) The fee customarily charged in the locality for similar legal services.

" '(4) The amount involved and the results obtained.

" '(5) The time limitations imposed by the client or by the circumstances.

" '(6) The nature and length of the professional relationship with the client.

" '(7) The experience, reputation, and ability of the lawyer or lawyers performing the services.

" '(8) Whether the fee is fixed or contingent.' "

Attorney-fee awards must be reasonable in light of the relevant Disciplinary Rule provisions. The entitlement to and the amount of an attorney-fee award lies within the sound discretion of the trial judge. *Drake, supra; Smith v. Padgett* (1987), 32 Ohio St.3d 344, 513 N.E.2d 737. In *In re Jane Doe 1* (1991), 57 Ohio St.3d 135, 137, 566 N.E.2d 1181, 1184, the court wrote:

" * * * As this court has defined this standard, '[t]he term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. * * *' *State v. Adams* (1980), 62 Ohio St.2d 151, 157, 16 O.O.3d 169, 173, 404 N.E.2d 144, 149." See, also, *Worthington v. Worthington* (1986), 21 Ohio St.3d 73, 76, 21 OBR 371, 374, 488 N.E.2d 150, 153; *Sandusky Properties v. Aveni* (1984), 15 Ohio St.3d 273, 275, 15 OBR 408, 409–410, 473 N.E.2d 798, 800, paragraph two of the syllabus. When applying the abuse-of-discretion standard, a reviewing court is not free to substitute its judgment for that of the trial court. *In re Jane Doe 1, supra; Berk v. Matthews* (1990), 53 Ohio St.3d 161, 559 N.E.2d 1301; and *Buckles v. Buckles* (1988), 46 Ohio App.3d 102, 546 N.E.2d 950.

When a landlord challenges an attorney-fee award, due-process considerations require the court to conduct a hearing to enable the landlord to confront and cross-examine the tenant and his attorney. *Mazer v. Fish* (June 27, 1990), Hamilton App. No. C–890345, unreported, 1990 WL 88752.

In the case *sub judice*, the trial court awarded appellee actual damages for appellant's unlawful entry into appellee's apartment. Thus, the trial court could properly award appellee attorney fees. However, we find no evidence in the record regarding the amount of attorney fees. Nor do we find any stipulation or agreement in the record regarding the proper amount of attorney fees.

After appellant challenged the award of attorney fees to appellee, the trial court should have conducted a hearing on the matter so appellant could have confronted and cross-examined appellee and her witnesses on the issue. We again note that when determining the amount of attorney fees, the court must consider the factors set forth in DR 2–106(B).

Accordingly, based upon the foregoing reasons, we sustain appellant's second assignment of error and we remand this cause to the trial court to conduct a hearing on the issue of the amount of attorney fees.

*Judgment affirmed in part,*
*reversed in part*
*and cause remanded.*

STEPHENSON, P.J., GREY and PETER B. ABELE, JJ., concur.